IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FRANCISCO ORTIZ GUERECA,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL L. BENOV, Warden,<br><br>Respondent. | Case No. 1:12-cv-01910 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED**<br><br>**Response Due Within Thirty (30) Days** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 4, 6.)

Petitioner claims entitlement to a credit against his federal sentence for time served in federal custody of Immigrations and Customs Enforcement ("ICE") prior to being criminally charged for illegal re-entry. (Pet. at 6-8, ECF No. 1.) Presently before the court is Respondent's June 14, 2013, answer. (Answer, ECF No. 9.) Petitioner did not file a traverse to the answer.

I. **STANDARD OF REVIEW**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a

1

federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998).

Further, Petitioner is challenging the execution of his sentence at Taft Correctional Institution in Taft, California, which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

## II.    REVIEW OF THE PETITION

### A.    Exhaustion of Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).

Respondent, in his answer described Petitioner's attempt to exhaust administrative remedies and does not presently argue that Petitioner failed to exhaust. (Answer at 2-3.)

### B.    Facts Relating to Sentence Computation

On February 4, 2011, Petitioner was stopped by the Idaho State Police for speeding and was turned over to ICE the same day. (Decl. of Heidi Adams ("Adams Decl."), Ex. C.) Petitioner was held by immigration authorities from February 4, 2011 through March 8, 2011 while they conducted an investigation to determine whether or not to prosecute. (Id.) On March 9, 2011, Petitioner was criminally indicted for the federal

offense of Illegal Entry. (Id.) Petitioner was found guilty and on October 18, 2011, and sentenced to thirty (30) months of federal custody. (Pet. at 2.) Petitioner received jail credit from the date of the criminal indictment on March 9, 2011, through the day before he was sentenced on October 18, 2011. (Id.) Petitioner was not credited for the time he was held by ICE, from February 4, 2011 through March 8, 2011. Petitioner challenges the absence of jail credit for this period. Respondent alleges that the time spent in ICE custody was considered a civil deportation proceeding, not official detention and, therefore, not creditable toward a federal sentence.

### C. Facts Relating to Sentence Computation

Title 18 U.S.C. § 3585(a) states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." The Attorney General is responsible for sentence computation decisions under § 3585. United States v. Wilson, 503 U.S. 329 (1992); United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992). Sentence computation authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96; see also United States v. Moore, 978 F.2d 1029 (8th Cir. 1992).

Pursuant to 18 U.S.C. § 3585(b):

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1) as a result of the offense for which the sentence is imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner's sentence computation began on June 23, 2011, the date his sentence was imposed. Petitioner was awarded prior custody credit for the period he spent in federal pre-trial custody from March 9, 2011, the date he was criminally charged, through October 17, 2011, the day before he was sentenced. (Adams Decl., Ex. C.) Petitioner

1 was not awarded credit for the period of February 4, 2011, through March 8, 2011,
2 during which he was in the custody of ICE.

3 Under existing precedent, detention by immigration authorities pending
4 deportation is considered civil, rather than criminal, in nature. See Ramirez-Osorio v.
5 INS, 745 F.2d 937, 944 (5th Cir. 1984); Shoaee v. INS, 704 F.2d 1079, 1083 (9th Cir.
6 1983); and Cabral-Avila v. INS, 589 F.2d 957. 959 (9th Cir. 1978). Thus, various courts
7 have found that time spent in the custody of immigration officials awaiting a deportation
8 determination is not "official detention" within the meaning of 18 U.S.C. § 3585(b). See
9 Alba-Tovar v. United States, 2006 U.S. Dist. LEXIS 74139, 2006 WL 2792677 *2 (D. Or.
10 Sep. 22, 2006) ("Petitioner's custody during that time was due to pending administrative
11 deportation proceedings and does not constitutes 'official detention' under § 3585(b)"
12 and therefore, the "BOP properly excluded that time in calculating petitioner's time
13 served"); Galan-Paredes v. Hogsten, 2007 U.S. Dist. LEXIS 86, 2007 WL 30329 *2 (S.D.
14 Ga. M.D. Pa. Jan.3, 2007) (same); United States v. Acosta-Leal, 2010 U.S. Dist. LEXIS
15 117792, 2010 WL 4608477 *2 (S.D. Ill. Nov. 5, 2010) (same); Ghadiri v. Sniezek, 2006
16 U.S. Dist. LEXIS 79868, 2006 WL 3023034 *3 (N.D. Ohio Oct. 23, 2006) (same);
17 Decraene v. Winn, 2004 U.S. Dist. LEXIS 4689, 2004 WL 594976 *3 (D. Mass. Mar. 23,
18 2004) ("given that . . . deportation proceedings are civil in nature, petitioner cannot fairly
19 contend that he was, while in the custody of INS awaiting a deportation hearing, he was
20 in custody ... as a result of the offense for which the sentence was imposed ... or as a
21 result of any other charge for which the defendant was arrested after the commission of
22 the offense for which the sentence was imposed") (quotations and citations omitted); De
23 Leon v. Copenhauer, 2012 U.S. Dist. LEXIS 168285 (E.D. Cal. Nov. 26, 2012).

24 This general rule admits of one exception, however. Prisoners who are being held
25 in immigration custody in anticipation of a federal indictment for illegal re-entry are
26 entitled to credit for the time period during which immigration officials held them awaiting
27 indictment, rather than removal. See e.g., Reyes-Ortiz v. Schultz, No. 08-6386, 2009
28 U.S. Dist. LEXIS 111937, 2009 WL 4510131 (D.N.J. Dec. 1, 2009); Galan-Paredes v.

4

1 Hogsten, No. 06-1730, 2007 U.S. Dist. LEXIS 86, 2007 WL 30329 (M.D. Pa. Jan. 3,
2 2007); Guante v. Pugh, No. 305-92, 2005 U.S. Dist. LEXIS 41261, 2005 WL 3867597
3 (S.D. Ga. Dec. 2, 2005); but see Abpikar v. Lompoc Fed. Bureau of Prisons, 2012 U.S.
4 Dist. LEXIS 124634 (C.D. Cal. July 16, 2012) ("Although ICE may influence the ultimate
5 decision to charge a given detainee with a federal crime, ICE is not the decision maker.
6 A decision to charge can be made only by a grand jury via indictment or a United States
7 Attorney via either a complaint or a criminal information. In the Court's view, the better
8 reading of the statute, and certainly the more practical one, is to require a charge or a
9 determination of probable cause before detention may be said to be "official detention . .
10 . as a result of the offense.").

Respondent, in his answer, did not address whether this exception applies to Petitioner nor provide evidence and documentation of Petitioner's status while detained by ICE. The Court will thus require Respondent to provide additional evidence concerning if and when ICE made a decision to criminally prosecute Petitioner.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED:

1) That Respondent provide a supplemental answer, along with all relevant evidence from ICE, as to why Petitioner is not entitled to credits for the time he was held by ICE, from February 4, 2011 through March 8, 2011. The supplemental answer is due within **thirty (30)** days from the date of the issuance of this order; or

2) Respondent may within **thirty (30)** days from the date of the issuance of this order.file a statement of non-opposition to granting the petition for writ of habeas corpus and granting Petitioner the additional credits.

IT IS SO ORDERED.

Dated: __August 29, 2013__        /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28