1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN FRANCISCO ORTIZ GUERECA,**<br><br>Petitioner,<br><br>v.<br><br>**MICHAEL L. BENOV,**<br><br>Respondent. | 1:12-cv-01910 MJS HC<br><br>**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MOOT** |

Petitioner is a former federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the calculation of Petitioner's release date.

Respondent has responded to the petition. On August 30, 2013, the Court ordered Respondent to show cause why the petition should not be granted. In response, Respondent explained that Petitioner had been released from prison to immigration authorities on May 12, 2013, and is no longer in custody of the Bureau of Prisons.

As Respondent filed an answer to the petition after Petitioner had been released and there indicated Petitioner was still in custody, the Court ordered Respondent to show cause why he should not be sanctioned under Federal Rule of Civil Procedure

1

11(b)(3). Respondent filed a satisfactory response to the order on October 11, 2013.

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends only to actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. at 18.

A case becomes moot because of the absence of an actual case or controversy where the petitioner no longer suffers or anticipates an injury traceable to the respondent which is likely to be redressed by a judicial decision. Spencer v. Kemna, 523 U.S. at 11. Although a habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim remains viable. For example, a habeas challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir. 2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241 challenging a decision of the BOP denying the petitioner's request for credit towards his federal sentence for days spent in state custody was not moot where the petitioner was released and remained on supervised release, and the BOP's internal, favorable decision did not recalculate the petitioner's release date as the petitioner had

2

requested.

Accordingly, IT IS ORDERED that within thirty (30) days of the date of this order, Petitioner shall show cause why the Court should not dismiss the petition for mootness. If Petitioner files a response to this order, Respondent may file a reply to Petitioner's response no later than ten (10) days after the date of service of Petitioner's response on Respondent. Petitioner is instructed that a failure to comply with this order may itself be considered a basis for imposing sanctions against Petitioner pursuant to Local Rule 110, and will result in dismissal of the petition.

Furthermore, the order to show cause regarding sanctions against Respondent is discharged. Respondent is admonished that a failure to accurately check and report the state of custody of inmates in these proceedings can, as it did here, result in the Court devoting significant time unnecessarily to the case. This Court, one of the busiest in the nation, cannot afford an unnecessary expenditure of its time.

IT IS SO ORDERED.

Dated:   November 22, 2013      /s/ Michael J. Seng
                                UNITED STATES MAGISTRATE JUDGE