IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN FRANCISCO ORTIZ GUERECA,** <br><br> Petitioner, <br><br> v. <br><br> **MICHAEL L. BENOV,** <br><br> Respondent. | 1:12-cv-01910 MJS HC <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On November 26, 2012, Petitioner filed the instant petition for writ of habeas corpus challenging the calculation of his release date. On August 30, 2013, the Court ordered Respondent to show cause why the petition should not be granted. In response, Respondent explained that Petitioner had been released from prison to immigration authorities on May 12, 2013, and was no longer in the custody of the Bureau of Prisons.

    Accordingly, on November 22, 2013, the Court issued an order to show cause why the petition should not be dismissed as moot. (Order, ECF No. 15.) Petitioner did not respond to the order to show cause, and on December 13, 2013, the order was

returned to the Court as undeliverable because Petitioner was no longer housed at the correctional institution.

I. **DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer, 523 U.S. at 18.

A case becomes moot because of the absence of an actual case or controversy where the petitioner no longer suffers or anticipates an injury traceable to the respondent which is likely to be redressed by a judicial decision. Spencer, 523 U.S. at 11. Although a habeas claim for credit on a sentence may be mooted by the petitioner's release, it is also possible that the claim remains viable. For example, a habeas challenge to a term of imprisonment is not mooted by a petitioner's release where the petitioner remains on supervised release and there is a possibility that the petitioner could receive a reduction in his term of supervised release. Reynolds v. Thomas, 603 F.3d 1144, 1148 (9th Cir.

1  2010). In Reynolds, it was held that a proceeding pursuant to 28 U.S.C. § 2241
2  challenging a decision of the BOP denying the petitioner's request for credit towards his
3  federal sentence for days spent in state custody was not moot where the petitioner was
4  released and remained on supervised release, and the BOP's internal, favorable
5  decision did not recalculate the petitioner's release date as the petitioner had requested.

6  Here, the Court ordered to show cause why the petition should not be dismissed
7  as moot. Petitioner has been released from custody, and did not respond to the order to
8  show cause to describe any collateral consequences that may exist from his custody.
9  Accordingly, the Court dismisses the petition for writ of habeas corpus as moot.

## II. CERTIFICATE OF APPEALABILITY

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], see § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." Id.

Accordingly, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

## III. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED as MOOT; and
2. The Clerk of Court is ORDERED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   January 2, 2014          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4